UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V. WILLIAMS, as Mother and Natural Guardian of F.T., a minor,<br><br>Plaintiff,<br><br>v.<br><br>TWIN RIVERS UNIFIED SCHOOL DISTRICT, et al.<br><br>Defendants. | No. 2:17-cv-02364-JAM-DB<br><br>**ORDER GRANTING DR. STEVEN MARTINEZ'S MOTION TO DISMISS** |

Plaintiff V. Williams's ("Plaintiff") son, F.T., was sexually assaulted by two older boys at Pathways Community Day School in September 2016. After this tragic incident occurred, Plaintiff, on behalf of F.T., sued Twin Rivers Unified School District (the "District") for discrimination under 42 U.S.C. § 2000, et seq. and sued both the District and its superintendent Dr. Steven Martinez ("Martinez," along with the District, "Defendants") for negligent supervision. First Amended Complaint ("FAC"), ECF No. 6. Martinez moves to dismiss the negligent supervision claim against him. Mot., ECF No. 9. Plaintiff opposes. Opp., ECF No. 12. For the reasons explained below, the

1

Court grants Martinez's motion.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a single African-American mother with limited means. FAC, ¶ 14. Her son, F.T., was a six-year old kindergarten student at one of the District's schools in the fall of 2016. Id., ¶ 9. F.T.'s class was overcrowded and in an effort to reduce class size, Martinez and other District employees attempted to transfer students to a Community Day School. Id., ¶¶ 9-10. A Community Day School is an alternative school for troubled children with emotional and behavioral problems. Id., ¶¶ 9-11. Plaintiff alleges that, because of the District's effort to reduce class sizes, F.T. was improperly disciplined and transferred to Pathways Community Day School. Id., ¶ 11.

On approximately September 29, 2016 at Pathways Community Day School, two older boys and F.T. were left unattended in a common area. FAC, ¶ 12. The two older boys took F.T. behind a building and sexually assaulted him. Id. Because of this assault, F.T. has suffered severe physical, mental, and emotional trauma that will likely haunt him for the rest of his life. Id. Plaintiff claims that the District employed the unnamed individuals who transferred F.T. and the teachers and assistants that left him unattended at Pathways Community Day School. Id., ¶ 19. Plaintiff does not allege where Martinez was at the time

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 22, 2018. In deciding this motion, the Court takes as true all well-pleaded facts in the operative complaint.

of the incident, nor that he was notified of a failure to supervise F.T. See id.

In November 2017, Plaintiff filed a complaint in this Court, alleging that the District and its unnamed employees (1) violated F.T.'s right to be free from discrimination under 42 U.S.C. § 2000, et seq. and (2) negligently supervised F.T. and the older boys who sexually assaulted him. Compl., ECF No. 1. In February 2018, Plaintiff filed a first amended complaint, adding Martinez as a named defendant on her claim for negligent supervision. See FAC.

II. OPINION

A. Analysis

Plaintiff contends Martinez is personally liable for negligent supervision because he oversaw the school at which F.T. was sexually assaulted when left unattended. Opp. at 2. The Court finds that this claim against Martinez in his individual capacity cannot be maintained.

In negligent supervision cases against school districts and their employees, courts have held that it is the duty of school authorities to supervise at all times the conduct of children on the school grounds and to enforce those rules and regulations necessary to the children's protection. J.H. v. Los Angeles Unified Sch. Dist., 183 Cal. App. 4th 123, 139-40 (2010) (internal citation and quotation marks omitted). The school district is liable for injuries which result from a failure of its officers and employees to use ordinary care in this respect. Id. What is ordinary care depends on the circumstances of each

3

particular case and is determined as a fact with reference to the situation and knowledge of the parties. Id.

Here, Plaintiff has not identified any facts suggesting Martinez negligently failed to supervise the District. See FAC. Plaintiff has alleged that school districts and their employees have a "duty to carefully supervise students while they are on the school premises during the school day." Id., ¶ 19. But, as Martinez states, Plaintiff has failed to allege whether Martinez was on the school premises the day F.T. was sexually assaulted. See id.; Mem. at 4. Plaintiff's response to this argument is that there are no facts to support that Martinez was not on the school premises that day. Opp. at 4. This counter-argument fails. It is plaintiff's burden to assert enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007). Plaintiff also does not cite any authority to support requiring Martinez to affirmatively allege facts indicating his absence from the school premises that day. See Opp.

Plaintiff also argues that Martinez has a duty to create an environment where children can be reasonably supervised, regardless of whether he is at that environment. See Opp. at 4. Plaintiff further contends that Martinez is liable for negligent supervision whether F.T. was left unintended because of carelessness on the part of a teacher, or improper staffing and/or security. Id. Plaintiff, however, fails to provide legal authority for either of these contentions.

Plaintiff has failed to assert enough plausible facts suggesting Martinez had a duty to ensure F.T. would not be left

4

unattended at school or that Martinez violated this duty. Plaintiff has also failed to cite any authority suggesting Martinez is liable for negligent supervision regardless of where Martinez was when F.T. was sexually assaulted. Accordingly, the Court grants Martinez's motion to dismiss the negligent supervision claim against him.

### B. Leave to Amend

Courts dismissing claims under Federal Rule of Civil Procedure 12(b)(6) have discretion to permit amendment, and there is a strong presumption in favor of leave to amend. Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. at 1052 (internal citation omitted).

The Court is not convinced that further amendment would be futile and will give Plaintiff one final opportunity to try to plead legally sufficient claims against Martinez.

## III. ORDER

For the reasons set forth above, the Court GRANTS WITH LEAVE TO AMEND Martinez's motion to dismiss the negligent supervision claim against him. If Plaintiff amends her complaint, she shall file a Second Amended Complaint within twenty days of this order. Martinez's responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: June 19, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5