|  |  |
|---|---|
| V. WILLIAMS, as Mother and Natural Guardian of F.T., a minor,<br><br>        Plaintiff,<br><br>   v.<br><br>TWIN RIVERS UNIFIED SCHOOL DISTRICT, et al.<br><br>        Defendants. | No. 2:17-cv-02364-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS TWIN RIVERS UNIFIED SCHOOL DISTRICT AND DR. STEVEN MARTINEZ'S MOTION TO DISMISS** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff V. Williams's ("Plaintiff") son, F.T., was sexually assaulted by two older boys at Pathways Community Day School in September 2016. After this tragic incident occurred, Plaintiff, on behalf of F.T., sued Twin Rivers Unified School District (the "District") for discrimination under 42 U.S.C. § 2000, et seq. and sued both the District and its superintendent Dr. Steven Martinez ("Martinez," along with the District, "Defendants") for negligent supervision. First Am. Compl. (the "FAC"), ECF No. 6. After this Court granted Martinez's motion to dismiss the negligent supervision claim against Martinez without prejudice, Plaintiff amended her complaint and added a claim for

1

violation of the Unruh Act, Cal. Civ. Code § 52, et seq. against both Defendants. Order, ECF No. 16; Second Am. Compl. (the "SAC"). ECF No. 18. Defendants now move to dismiss Plaintiff's Unruh Act claim against them, Plaintiff's claim for negligent supervision against Dr. Martinez, and Plaintiff's claim for punitive damages. Mem., ECF No. 19. Plaintiff opposes. Opp., ECF No. 20. For the reasons explained below, the Court grants Defendants' motion with prejudice.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a single African-American mother with limited means. SAC, ¶ 16. Her son, F.T., was a six-year old kindergarten student at one of the District's schools in the fall of 2016. Id., ¶ 9. F.T.'s class was overcrowded and, in an effort to reduce class size, Martinez and other District employees attempted to transfer students to a Community Day School. Id., ¶¶ 10, 12-13. A Community Day School is an alternative school for troubled children with emotional and behavioral problems. Id.

F.T.'s I.E.P. assessment recommended leaving F.T. at his original classroom instead of transferring him to a Community Day School. SAC, ¶¶ 21. F.T.'s mother was not informed about this recommendation and, because of the District's effort to reduce class sizes, F.T. was improperly disciplined and transferred to

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for September 18, 2018. In deciding this motion, the Court takes as true all well-pleaded facts in the operative complaint.

2

Pathways Community Day School. Id., ¶¶ 12-13, 20-21.

On approximately September 29, 2016 at Pathways Community Day School, two older boys and F.T. were left unattended in a common area. SAC, ¶ 14. The two older boys took F.T. behind a building and sexually assaulted him. Id. Because of this assault, F.T. has suffered severe physical, mental, and emotional trauma that will likely haunt him for the rest of his life. Id. Plaintiff claims that the District employed the unnamed individuals who transferred F.T. and the teachers and assistants that left him unattended at Pathways Community Day School. Id., ¶ 25. Plaintiff does not allege where Martinez was at the time of the incident, nor that he was notified of a failure to supervise F.T. See id.

Plaintiff alleges that studies have shown that Defendants routinely disciplined African-American students at a rate of more than five times that of other racial groups. SAC, ¶ 11. Plaintiff further claims that black males in early childhood education are almost ten times more likely to be suspended by Defendants than their peers statewide in California. Id. This, Plaintiff asserts, means Defendants have routinely and systematically disciplined black males in a discriminatory manner through their school discipline and transfer policies. Id., ¶¶ 11, 20.

In November 2017, Plaintiff filed a complaint in this Court, alleging that the District and its unnamed employees (1) violated F.T.'s right to be free from discrimination under 42 U.S.C. § 2000, et seq. and (2) negligently supervised F.T. and the older boys who sexually assaulted him. Compl., ECF No. 1. In February

2018, Plaintiff filed a first amended complaint, adding Martinez as a named defendant on her claim for negligent supervision. See FAC. After this Court granted Martinez's motion to dismiss the negligent supervision claim against him without prejudice in June 2018, Plaintiff filed the SAC in July 2018. See SAC.

II. OPINION

A. Unruh Act Violation

Defendants argue the Court should dismiss Plaintiff's claim against them for violating the Unruh Act because it is implausible and unsupported by the factual allegations. Mem. at 6. Specifically, Defendants contend that Plaintiff has failed to allege intentional racial discrimination by the District or Martinez. Id. at 6-7. The Court agrees.

The Unruh Civil Rights Act and Cal. Civ. Code § 51.5(a) prohibit California business establishments from intentional racial discrimination. Public schools have been held to constitute "business establishments" under the statute. Sullivan v. Vallejo City Unified Sch. Dist., 731 F. Supp. 947, 952 (E.D. Cal. 1990) (citing Isbister v. Boys Club of Santa Cruz, Inc., 219 Cal. Rptr. 150 (1985)).

A claim for violation of the Unruh Act requires showing intentional acts of discrimination and requires evidence of intentional discrimination. Harris v. Capital Growth Inv'rs., 52. Cal. 3d. 1142, 1172 (1991) (superseded by statute on other grounds, as stated in Munson v. Del Taco, Inc., 46 Cal. 4th 661, 664 (2009) and Lentini v. Cal. Center for the Arts, Escondido, 370 F.3d 837, 846-47 (9th Cir. 2004)). A plaintiff bringing an

4

Unruh Act violation claim cannot allege intentional discrimination in a conclusory fashion. Grier v. Brown, 230 F. Supp. 2d 1108, 1120 (N.D. Cal. 2002) (citing Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) and Sargoy v. Resolution Trust Corp., 8 Cal. App. 4th 1039, 1048 (1992)).

Here, Plaintiff argues she has shown Defendants intentionally discriminated against her son in the following manner: (1) disproportionately disciplining black male children, including F.T., for minor behavioral problems; (2) failing to follow the I.E.P. assessment recommending leaving F.T. in a regular classroom; (3) failing to inform F.T.'s mother of the I.E.P. assessment's recommendations; and (4) failing to properly staff and secure the Community Day School comprised primarily of minority students because of discrimination. Opp. at 8-9. Plaintiff cites no authority to support her argument that these conclusory allegations suffice to show intentional discrimination. See Opp. Defendants emphasize that Plaintiff also fails to address Defendants' arguments that she failed to allege that Martinez participated in any disciplinary investigation, response, or assessment involving F.T. Id.; Reply, ECF No. 21, at 3. Plaintiff further fails to allege any specific act of intentional discrimination by any employee of the District as it relates to F.T. or his discipline and transfer to the Community Day School. See SAC; Reply at 3.

Despite amending the complaint twice, Plaintiff has not alleged (1) who specifically failed to inform F.T.'s mother of the results of the I.E.P. assessment, (2) who misrepresented to F.T.'s mother that F.T. needed to be transferred, and (3) how

this lack of communication demonstrates intentional racial discrimination by Defendants. The Court finds that Plaintiff's conclusory allegations of intentional discrimination do not suffice to maintain a plausible claim against Defendants for violating the Unruh Act and therefore this claim must be dismissed. See Harris, 52. Cal. 3d. at 1172. Since the Court finds Plaintiff's Unruh Act claim must be dismissed on the merits, it need not, and does not address Defendants' other arguments that the claim is time-barred and that Plaintiff's amendment exceeds the scope of the Court's June 19, 2018 order.

B. Negligent Supervision

Defendants argue Plaintiff's amended negligent supervision claim against Martinez also lacks merit and move to dismiss it. Mem. at 1. Defendants do not move to dismiss this claim against the District. See id. In response, Plaintiff contends Martinez is liable for negligent supervision because Defendants made the transfer of F.T. to the Community Day School in a racially discriminatory way and because Martinez failed to properly supervise F.T. when he was placed outside the classroom. Opp. at 9; SAC ¶¶ 24-28. The Court finds otherwise.

In negligent supervision cases against school districts and their employees, courts have held that it is the duty of school authorities to supervise at all times the conduct of children on the school grounds and to enforce those rules and regulations necessary to the children's protection. J.H. v. Los Angeles Unified Sch. Dist., 183 Cal. App. 4th 123, 139-40 (2010) (internal citation and quotation marks omitted). The school district is liable for injuries which result from a failure of

its officers and employees to use ordinary care in this respect. Id. What is ordinary care depends on the circumstances of each particular case and is determined as a fact with reference to the situation and knowledge of the parties. Id.

Here, Plaintiff has not identified any facts suggesting Martinez negligently failed to supervise the District. See SAC. Plaintiff has alleged that school districts and their employees have a "duty to carefully supervise students while they are on the school premises during the school day." Id., ¶ 19. But, as Defendants state, Plaintiff has failed to allege whether Martinez was on the school premises the day F.T. was sexually assaulted and even if he was, whether he personally participated in supervising F.T. or his peers. See id.; Mem. at 9.

Plaintiff counters that the Community Day Schools are understaffed, under-secured, do not adequately separate the younger children, and that Defendants are responsible for these conditions that led to F.T.'s tragedy. Opp. at 9. This counter-argument fails because Plaintiff's conclusory arguments do not explain how Martinez specifically failed to supervise the District or that Martinez had a duty to ensure F.T. would not be left unattended at school. See Reply at 4.

Despite receiving another chance to rectify her negligent supervision claim against Martinez, Plaintiff still fails to satisfy her burden of asserting enough facts to state a plausible claim for relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007). Plaintiff also continues to fail to cite any authority suggesting (1) Martinez had a duty to ensure F.T. would not be left unattended at school, (2) that Martinez

violated this duty, or (3) that Martinez is individually liable for negligent supervision regardless of where he was when F.T. was sexually assaulted. See Opp. Accordingly, the Court grants Defendants' motion to dismiss the negligent supervision claim against Martinez with prejudice. While Defendants also assert that the claim fails because Martinez had qualified immunity for discretionary decision-making, the Court need not, and does not, address this argument. Mem. at 9.

### C. Punitive Damages

Defendants argue that the Court should dismiss Plaintiff's claim for punitive damages because she has failed to make even conclusory allegations of fraudulent, oppressive, or wrongful conduct by the Defendants and because the claim is made against a "Defendant Williams" who has not been identified. Mem. at 11 (citing Cisneros v. Instant Capital Funding Grp., Inc., 263 F.R.D. 595, 611 (E.D. Cal. 2009) ("To support punitive damages, the complaint... must allege ultimate facts of the defendant's oppression, fraud, or malice.") (quoting Cyrus v. Haveson, 65 Cal. App. 3d 306, 316-17 (1976) and Los Angeles Co. Metro Transp. Auth. v. Sup. Ct., 123 Cal. App. 4th 261, 276 (2004) ("punitive damages are awarded at the factfinder's discretion only, upon proof of fraud, oppression, or malice.") (internal citation omitted)). Defendants also contend that, even if Plaintiff meant to claim punitive damages against Defendant Martinez, this claim fails because he is being sued in his official capacity and because no facts are alleged against him that support a punitive damages claim. Mem. at 11-12.

Plaintiff responds that her claim for punitive damages

against "Defendant Williams" was a typo and should have said "Defendant Martinez." Opp. at 11. Plaintiff also contends that Martinez is being sued in his individual capacity and that there is a "laundry list" of intentionally discriminatory acts by Defendant Martinez and his subordinates that led to F.T.'s transfer and resulting sexual assault in paragraphs 20-23 of the SAC. Id. But, as explained above in the Court's analysis of the Unruh Act claim, even if Martinez is being sued in his individual capacity, the list of allegations in paragraphs 20-23 of the SAC do not support a viable Unruh Act claim, much less the fraud, oppression, or malice required for an award of punitive damages. Reply at 5-6; see also Los Angeles Co, 123 Cal. App. 4th at 276. Accordingly, the Court dismisses Plaintiff's claim for punitive damages against Martinez.

### D. Amendment

Plaintiff contends that if the Court finds she fails to state a claim, she is entitled to leave to amend unless it is clear the pleading cannot be cured by the allegation of additional facts. Opp. at 5 (citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). But as Defendants point out, Plaintiff has had three chances to draft her complaint and has failed to rectify the deficiencies of her negligent supervision claim that the Court pointed out in its June 2018 order. Mem. at 12. The Court finds further amendment of this claim would be futile. The Court also finds that amendment of the Unruh Act claim and the claim for punitive damages would be similarly futile because Plaintiff has failed to identify what facts she could raise in a third amended complaint that would bolster these

claims. See Opp. Because the Court finds that further amendment of the complaint would be futile, Plaintiff's request for leave to amend is denied. See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).

## III. ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendants' motion to dismiss the Unruh Act claim against them and the negligent supervision and punitive damages claims against Martinez.

IT IS SO ORDERED.

Dated: September 27, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE