**JAMES C. ASHWORTH, SBN 151272**
**THE ASHWORTH LAW OFFICE**
770 L Street, Ste. 950
Sacramento, California 95814
Telephone: (530) 574-1130
Facsimile: (530) 564-4987
Email: jim@theashworthlawoffice.com

Attorney for Plaintiff V. WILLIAMS, as
Mother and Natural Guardian of F.T, a minor

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V. WILLIAMS, as Mother and Natural Guardian of F.T., a minor, <br><br> Plaintiff, <br><br> v. <br><br> TWIN RIVERS UNIFIED SCHOOL DISTRICT, and DOES 1 through 25, <br><br> Defendants. | **No. 2:17-cv-02364-JAM-DB** <br><br> **STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, Plaintiff filed a motion compelling Defendant to disclose and produce the confidential student educational records of minors that both parties agree are protected by state and federal privacy laws;

WHEREAS, the Court has determined that the need for disclosure of the information and production of the student records (hereinafter "Confidential Information") in discovery outweighs the privacy issues and ordered Defendant to provide said information and such documents only on

1

the agreement that such "Confidential Information" will be produced pursuant to a protective order;

WHEREAS, the parties by this stipulation, agree to protect certain confidential student records, documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against disclosure to outside sources and to protect the privacy of the minor students to the extent possible;

WHEREAS, because the purpose of this Stipulation is to protect and preserve "Confidential Information," the parties and their counsel agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the parties seek the entry of an Order, pursuant to the Federal Rules of Civil Procedure 5.2 and 26, the Federal Rules of Evidence 502 and/or the Local Rules of the United States District Court, Eastern District of California, Rules 140 and 141, governing the disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. This Protective Order shall be entered pursuant to the agreement set forth herein.

2. This Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a) Any and all information or documents referring or related to the educational records of current or former students in the TWIN RIVERS UNIFIED SCHOOL DISTRICT who are not parties to this litigation;

(b) Any and all information or documents that refer or relate to the disciplinary records of individual students;

(c)     Any and all information or documents relating to the medical or health information of any students to the extent included in, or referenced by, the records responsive to subsections 2(a) and (b) herein; and

(d)     Any portions of depositions (audio or video) where "Confidential Information" is disclosed or used as exhibits.

3.     In the case of documents and the information contained therein, designation of "Confidential Information" produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER" or otherwise expressly identified as confidential.

4.     Except as required by law or executive order, Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained to preclude access by persons who are not qualified recipients.

5.     Qualified recipients of documents marked "CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER " shall include only the following:

(a)     In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each.

(b)     Certified Shorthand Reporters and staff;

(c)     Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d)     Deponents during the course of their depositions; and,

(e)     The parties to this litigation who will be obligated to keep such information confidential.

7.      Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.  Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court.  Such deponents may be shown Confidential Information during their deposition but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential Information that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis.  If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

8.      In the event that any documents or other materials previously identified as confidential are marked as exhibits or otherwise generally discussed during the taking of a deposition in this action, the exhibit, and all portions of the relevant deposition transcript in which the exhibit is discussed and/or referenced, shall immediately be deemed confidential, and therefore subject to the terms of this Protective Order.

9.      No copies, paper or electronic, of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action.  Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

10.     All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

11.     Whenever a party wishes to file any writing designated as Confidential with the Court, the party may either (a) redact any and all information contained on any page that is marked Confidential before filing said document with the Court, (b) if the party wishing to file said writing is the party that originally designated the document as Confidential that party may, at their discretion, redact only that information that it deems Confidential from any page that is marked Confidential before filing with the Court or (c) separately file the document under seal with the Court.  If a party wishes to file a document that has been marked Confidential with the Court, the party will follow all rules and practices followed by the Court regarding filing a document under seal, including filing a motion establishing good cause for the document to be preserved under seal if necessary, prior to so filing.

12.     The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

13.     Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the plaintiff by and through her counsel, shall destroy all electronic and paper copies of Confidential Information in a manner that maintains the confidential nature of the documentation, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it to plaintiff attorney who will then destroy the documentation as required herein.  Within thirty (30) days of the matter concluding, plaintiff counsel shall send written confirmation under oath, and as an officer of the court, to defense counsel that all electronic and paper copies of any Confidential Information has been destroyed in compliance herewith.

14.     Subject to the Federal Rules of Evidence, a stamped Confidential document and other Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as Confidential.  Any party may move the court for an order that the

evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

15.     If another court or an administrative agency subpoenas or orders production of stamped Confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as Confidential of the pendency of such subpoena or order.

16.     Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

17.     Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

18.     The Parties hereby request that an Order be entered by the Court pursuant to and in conformity with this stipulation for protective order.

Dated:  March 22, 2019                    THE ASHWORTH LAW OFFICE


                                          By: _____/s/*James C. Ashworth*_____
                                              James C. Ashworth
                                              Attorney for Plaintiff

Dated:  March 22, 2019                    SPINELLI, DONALD & NOTT


                                          By: ____/s/*Ross R. Nott*_____
                                              Ross R. Nott
                                              Attorney for Defendant

# ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1.  Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3.  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.  With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated: March 28, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\williams2364.stip.prot.ord

Stipulation for Protective Order
Case No. 2:17-CV-02364-JAM-DB